IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**GABE KAIMOWITZ,**

    **Plaintiff,**

vs.                                                                                     CASE NO. 1:06CV249-MP/AK

**EIGHTH JUDICIAL CIRCUIT
BAR ASSOCIATION, et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging violation of his "constitutional right to practice law" by the Eighth Circuit Court and the Eighth Circuit Bar Association for decisions made by state court judges in conjunction with the bar that limit Plaintiff's appearances in court.  The Court is not precisely certain what Plaintiff's claims are with regard to the "Sentence and Final Order," he refers to throughout his pleadings because he has yet to provide the Court with these documents, but apparently he has been labeled a "vexatious litigant" and is required to have co-counsel before filing future complaints in the state circuit court.  Plaintiff complains about the defamatory nature of this label and claims to have economic damages resulting from the restriction to his practice.

The Court has attempted on several occasions to instruct Plaintiff on the deficiencies in his pleadings (docs. 9 and 27), but Plaintiff's response has been to

request that the district judge set aside these orders, and to request disqualification by both the undersigned and District Judge Maurice Paul, (docs. 6 and 10), which has been denied. (Docs. 14 and 27). Plaintiff apparently suspects some type of personal bias by the undersigned against him because of the failure to serve his amended complaint, and he appeared at the Clerk's Office requesting that summonses be issued to him so he could affect his own service. Thus, summonses were issued, the amended complaint was served, and Defendant Eighth Circuit Bar Association has moved to dismiss on April 11, 2007, on many of the grounds raised by the Court in directing Plaintiff to amend the complaint prior to service. (See Doc. 34).

Plaintiff filed a motion for preliminary injunction on February 2, 2007, seeking an injunction to force the Eighth Circuit Court to appoint a judge outside the Third and Eighth Circuit Courts to hold an evidentiary hearing to hear Plaintiff's argument that the order restricting him from practice is excessive and to allow him to proceed in small claims court. (Doc. 15).

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

**No. 1:06cv249-mp/ak**

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

There is presently pending a motion to dismiss on grounds filed by the Eighth Circuit Bar Association asserting that Plaintiff has failed to state a claim, failed to name the correct parties, and for insufficiency of service of process.  These are many of the same issues previously identified by the Court.  Thus, for purposes of deciding the present motion for injunctive relief, Plaintiff has not demonstrated a *substantial* likelihood of success on the merits.

Furthermore, Plaintiff has offered no statutory or other support for the relief sought, *i.e.* that this federal court can force a state court to select judges from a different district to hold civil proceedings on an administrative order.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 15, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this _19th_ day of April, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 1:06cv249-mp/ak**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06cv249-mp/ak**