**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**GABE KAIMOWITZ,**

    **Plaintiff,**

**vs.**                                     **CASE NO. 1:06CV249-MP/AK**

**EIGHTH JUDICIAL CIRCUIT
BAR ASSOCIATION, et al,**

    **Defendants.**

                                /

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that the defendants have violated his constitutional right to practice law by entering a restrictive order about his practice in the state court. (Doc. 25). Plaintiff served Defendant Eighth Judicial Circuit Bar Association (EJCBA) through Raymond Brady, and the Association has moved to dismiss on several grounds.[1] (Doc. 34). Plaintiff has responded. (Doc. 43).

**I.  Allegations of the Amended Complaint (doc. 25)**

Plaintiff has named two entities as defendants: the Eighth Judicial Circuit Court and the Eighth Judicial Circuit Bar Association. His complaint arises from a "sentence"

---

[1] One other defendant was served, the Eighth Judicial Circuit Court, but has not filed an answer or otherwise defended this lawsuit. An order to show cause has been entered directing a response on or before February 29, 2008, as to why default should not be entered against it by the Clerk's Office.

he alleges was entered against him by Circuit Judge Larry Turner barring him from filing *pro se* complaints in the Eighth Judicial Circuit of Florida.  Plaintiff lists three counts which are identified by the type of relief sought.  Under "Count I (injunctive relief-Defendant and EJCBA) he claims that he has been denied his constitutional right to access the Eighth Judicial Circuit Court and represent clients by the circulation throughout the bar of the order at issue and he wants an injunction against its circulation. In "Count II (declaratory relief-Defendant)," he seeks a declaration that the practices of the state court are unconstitutional in branding him a vexatious litigant and denying him leave to proceed pro se.  In "Count III (Damages-EJCBA)," Plaintiff claims that he has been denied income from the practice of law for two years because of the actions of the Defendants in barring him from access to the state court.

## II.   Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960).  The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient."  In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).  Dismissal of a complaint should not

**No. 1:06cv249-MP/AK**

be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

All well-pleaded factual allegations and reasonable inferences from those allegations must be accepted as true in ruling upon a motion to dismiss. Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993). However, this does not mean "that every statement in a complaint must be accepted as true." In re Mosello, 190 B.R. at 168. The "court need not accept 'sweeping and unwarranted averments of fact.'" *Id.*, *citing* Perniciaro v. Natale, 136 B.R. 344, 348 (Bankr. E.D.N.Y. 1992), *quoting* Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Claims which "rely upon conclusory statements of law" need not be accepted. Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995). Conclusory statements and their inferences "are not sufficient to defeat a motion to dismiss for failure to state a claim." Northern Trust Co., 69 F.3d at 129; *see also* Quality Foods de Centro America, 711 F.2d 989, 995 (11th Cir. 1983)(finding "[c]onclusory allegations that defendant violated the antitrust laws and plaintiff was injured thereby will not survive a motion to dismiss if not supported by facts constituting a legitimate claim for relief.")

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652

**No. 1:06cv249-MP/AK**

(1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

### III.  Analysis

Defendant EJCBA has moved to dismiss on several grounds: lack of jurisdiction, failure to state a claim, failure to join necessary parties, and insufficiency of service of process.

    a)  Jurisdiction and failure to state a claim

Jurisdiction in non-diversity cases must be premised on federal or constitutional law. 28 U. S C. §1331. "To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United

**No. 1:06cv249-MP/AK**

States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983).  In other words, Plaintiff must allege that the Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance, regulation, custom, or usage of any State. . . ."  Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).  Plaintiff must allege facts and circumstances demonstrating a *right* to practice law, that this right has been violated, and that Defendants are causally connected to the violation.  As Plaintiff was previously advised, the Supreme Court has held that states may regulate the practice of law so long as their requirements are rationally related to the fitness to practice law, *i.e.* there is no "right" to practice law.  Schware v. Board of Bar Examiners, 353 U.S. 232 (1957); Attwell v. Nicols, 608 F.2d 2228, 230 (5th Cir. 1979)(no constitutional right to practice law without examination); Reiss v. Texas Board of Bar Examiners, 2002 WL 32126265 (W.D. Texas) (no property or liberty interest in being allowed to sit for examination); Bailey v. Board of Law Examiners, 508 F. Supp. 106 (DC Texas 1980) (same).

**No. 1:06cv249-MP/AK**

Further, Plaintiff is not alleging that the *state* has done anything to affect his practice of law, he is alleging that Judges Larry Turner and Tony Monaco (neither of whom are defendants in this action) have entered and/or imposed an order restricting him from filing lawsuits on his own behalf in *their* courts.  From this set of facts, Plaintiff has extrapolated that the EJCBA, by disseminating or discussing this order throughout the bar and making decisions within the association as to Plaintiff's practice, has affected his ability to represent clients and make a living from the practice of law.

Even assuming that these facts are true, Plaintiff ignores the *legal* issues raised by the Defendants (and this Court in previous Orders) that he has not named the correct parties nor has he shown "state action" by the named defendants that would implicate the federal law upon which he relies.

Section 1983 provides:

"Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (Emphasis added).

As Plaintiff was previously advised, these entities, the association and the court, did not violate his rights, persons within those organizations made decisions which Plaintiff now contends violated his rights and those are the persons he should name as defendants. The Bar association is a private entity and Plaintiff has alleged no "state action."

**No. 1:06cv249-MP/AK**

As set forth in section 1983 above, the person must be acting under color of state law. Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. <u>Adickes v. Kress & Co.</u>, 398 U.S. 144, 152 (1970). Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982). To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. <u>Rayburn, etc. v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001).

Plaintiff argues in eighteen pages (with attachments) how the association was formed, how several of the judges he has issues with are members of this association, the purpose and function of this association, his upset over being ejected from a meeting by Judge Smith, his angst at being branded "an offensive personality" by a committee of this association, and *none* of this supports his position that he has a federal claim for relief and should be in federal court on these issues. Plaintiff himself acknowledges that this is a private association concerned with the promotion of

**No. 1:06cv249-MP/AK**

professionalism among the bar. Plaintiff does not even allege that the actions of which he complains, the issuance of this order, was taken by the association. As he states in his complaint, the order was issued by a state court judge apparently acting in his authority as a judge to oversee and resolve alleged abusive practices in his court, which raises another legal issue not addressed by either party–absolute immunity. But keeping with the issues heretofore raised and briefed by the parties, Plaintiff has not alleged any facts that establish a jurisdictional basis for this matter to be in federal court, and this cause should be dismissed on this ground.

      b)    <u>Service of Process</u>

As an additional matter and another ground for dismissal, Plaintiff served Raymond F. Brady, one of the members of the Board of Directors of the Bar Association, who is not an officer, managing or general agent nor is he a registered agent for service of process for the association. Pursuant to Rule 4(h), Federal Rules of Civil Procedure, service upon associations must be made upon "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

Plaintiff argues that Mr. Brady collects money on behalf of the EJCBA and hired counsel to defend it, therefore he should be considered an agent for service of process. As Plaintiff should know since he represents that he is licensed to practice in several courts and has been so practicing for many years, these facts do not make Mr. Brady an "agent" for service. This argument is baseless. He goes further to contend that any

error in service is harmless and can be corrected upon an extension of time to serve the complaint pursuant to Rule 4(m), Federal Rules of Civil Procedure.  Without deciding the harmlessness of the error, the Court will only determine that service was indeed insufficient.  Since other grounds for dismissal on the merits are found herein, it is immaterial whether additional time would correct this insufficiency or not.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Eighth Judicial Circuit Bar Association's Motion to Dismiss (doc. 34) be **GRANTED**, and the claims against it raised in Plaintiff's amended complaint (doc. 25), be **DISMISSED** for lack of jurisdiction, failure to state a claim, and insufficiency of service of process.  This cause should be remanded to the undersigned for further proceedings related to the claims asserted against the other remaining defendant Eighth Judicial Circuit Court.

**IN CHAMBERS** at Gainesville, Florida, this  **21st** day of February, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06cv249-MP/AK**