IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**GABE KAIMOWITZ,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　**CASE NO. 1:06CV249-MMP/AK**

**EIGHTH JUDICIAL CIRCUIT,**
**et al,**
    **Defendants.**

                                 /

## O R D E R

Presently before the Court are the following motions: Plaintiff's Motion to Appoint Counsel (doc. 49); Plaintiff's Motion for a Case Scheduling Order (doc. 50); Plaintiff's Motion for Entry of Final Judgment (doc. 52); Plaintiff's Motion for Default Judgment (doc. 58); Plaintiff's Motion to Modify an Order of the Magistrate. (Doc. 65); and Plaintiff's Motion/Legal Authority for Declaratory Relief. (Doc. 67). There has been no response to any of Plaintiff's motions.

### Docket Entry No. 49

Plaintiff requests that the Court appoint him counsel because he is convinced by the Court's recent rulings against him that he needs an attorney to assist him and he requests one "not listed in the latest Directory for the Eighth Judicial Circuit Bar Association." Appointment of counsel in a 1983 suit is not a right, it is a privilege and is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. Fowler v.

Jones, 899 F.2d 1088 (11th Cir. 1990).  As the Court has previously pointed out to Plaintiff, he has not alleged constitutional or federal claims, and the Court will not enlist the services of an attorney on a case for which its jurisdiction is questionable.  Plaintiff is free to seek the services of counsel on his own behalf, but the federal court does not have funds for appointment of counsel in civil rights cases and will not ask attorneys to take such cases unless and until a complaint stating viable claims has been filed.  Consequently, Plaintiff's motion to appoint counsel (doc. 49) is **DENIED**.

### Docket Entry No. 50

Plaintiff requests entry of a scheduling order so that he can conduct discovery.  While Plaintiff is correct that a scheduling order is usually entered once a responsive pleading has been filed, in this case a motion to dismiss raising jurisdictional issues and insufficiency of service of process has been filed.  Consequently, until these issues have been resolved there is no need for discovery since the issues concern the claims raised in the amended complaint and service.  Thus, Plaintiff's Motion (doc. 50) is **DENIED**.

### Docket Entry No. 52

Plaintiff complains that the Court should avoid piecemeal litigation and suggests that the Court should rule on the pending motion to dismiss (doc. 34), so that Plaintiff may appeal this decision, as well as the denial of his motion for preliminary injunction. (Doc. 46).  However, Plaintiff appealed to the Eleventh Circuit (doc. 59) prior to any decision by the Court on the motion to dismiss, and this appeal has been dismissed as frivolous.  (Doc. 81).  Consequently, Plaintiff's Motion (doc. 52) is **DEEMED MOOT.**

Docket Entry No. 58

Plaintiff has moved for default judgment against Defendant Eighth Judicial Circuit on the grounds that it has failed to enter an appearance or file a responsive pleading. According to the docket sheet, Plaintiff served Susan McNeil at the offices of Chief Judge Frederick Smith of the Eighth Judicial Circuit Court on April 2, 2007.  (Doc. 35). On May 31, 2007, Plaintiff requested entry of default by the Clerk's Office (doc. 51), which the Clerks denied (doc. 54) based on a response filed on June 4, 2007, by Attorney George Lee Waas on behalf of the Eighth Judicial Circuit Court to a pending motion for injunctive relief.  (Doc. 48).  Since that response there has been no further filings by Defendant Eighth Judicial Circuit Court and no answer or other responsive pleading has been filed either.  Counsel for the defendant shall show cause in writing as to why default should not be entered against the Defendant, but the motion for default *judgment* (doc. 58) is premature at this point and is **DENIED**.

Docket Entry No. 65

Plaintiff seeks to set aside as "premature" an Order of the Magistrate Judge, specifically Docket Entry No. 57, which denied him leave to amend the complaint because Plaintiff did not submit a proposed amended pleading with the motion.  Plaintiff wants the Order (doc. 57) set aside until he is appointed counsel and files a proposed amended pleading with his assistance.  As the Court has determined, Plaintiff will not be appointed counsel at this time, although he is free to seek counsel on his own behalf.  If Plaintiff obtains counsel, he may again move to amend the complaint at that time, but the Court's previous ruling was correct and will not be set aside as "premature." Therefore, Plaintiff's Motion (doc. 65) is **DENIED**.

<u>Docket Entry No. 67</u>

Plaintiff requests "this Court to declare that the Sentence on Judgment of Guilty imposed on him and circulated starting in November 2004 is contrary to the aforementioned rulings of the Florida Supreme Court, and consequently violates the due process clause of the United States Constitution." Insofar as Plaintiff is already seeking declaratory relief in his amended complaint to the effect that the Defendants' actions are unconstitutional, this motion is **MOOT**. Insofar as Plaintiff is seeking additional relief not previously asserted in his amended complaint, (<u>see</u> doc. 25), the motion is **DENIED**, since he has not sought leave to amend the complaint nor attached the proposed amended pleading. <u>See</u> Local Rule 15.1.

Accordingly, it is

**ORDERED**:

**1.** Plaintiff's Motion to Appoint Counsel (doc. 49) is **DENIED**.

2. Plaintiff's Motion for a Case Scheduling Order (doc. 50) is **DENIED**.

3. Plaintiff's Motion for Entry of Judgment (doc. 52) is **DENIED**.

4. Plaintiff's Motion for Default Judgment (doc. 58) is **DENIED**, but **Defendant Eighth Judicial Circuit shall show cause in writing on or before February 29, 2008 as to why default should not be entered against it by the Clerk's Office**.

5. Plaintiff's Motion to Modify an Order of the Magistrate (doc. 65) is **DENIED**.

6. Plaintiff's Motion for Declaratory Relief (doc. 67) is **DEEMED MOOT**, or is otherwise **DENIED**.

**DONE AND ORDERED** this  **20th**  day of February, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**