IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GABE KAIMOWITZ,

    Plaintiff,

v.                                                CASE NO. 1:06-cv-00249-MP-AK

EIGHTH JUDICIAL CIRCUIT
BAR ASSOCIATION, et al.,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 83, Report and Recommendation of the Magistrate Judge, which recommends that Defendant Eighth Judicial Circuit Bar Association's Motion to Dismiss, Doc. 34, be granted, and that Plaintiff Kaimowitz's first amended complaint, Doc. 25, be dismissed for failure to state a claim, lack of jurisdiction, and insufficiency of service of process. The Magistrate Judge filed the Report and Recommendation on Thursday, February 21, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

Plaintiff Kaimowitz is a lawyer and a member of the Florida bar, and he brings the instant action under 42 U.S.C. § 1983. Defendant Eighth Judicial Circuit Bar Association is a private voluntary bar association that does not regulate the practice of law or admit lawyers to practice. Plaintiff alleges in his amended complaint that members of the Eighth Judicial Circuit Bar Association circulated an order of court intending to harm Plaintiff by having him branded a vexatious litigant. This action by the members of the Defendant, Plaintiff contends, denies him meaningful access to the courts, and was done under color of state law.

In its motion to dismiss, Defendant Eighth Judicial Circuit Bar Association moves to dismiss this case for lack of jurisdiction, failure to state a claim, failure to join necessary parties, and insufficiency of service of process. After reviewing the motion to dismiss, the Magistrate concludes as a threshold matter that Plaintiff has not alleged any facts that establish a jurisdictional basis for this matter to be in federal court, and recommends that this case be dismissed. In his objections, Plaintiff argues that state action exists because Defendant's Bench/Bar Committee refused to allow him to present grievances against the members of the Eighth Judicial Circuit Bar Association who have denied him access to the courts. Specifically, Plaintiff states that Defendant, through its voluntary adoption of the Guidelines of Professional Courtesy, performs a public function traditionally handled exclusively by the state.

The Court disagrees with Plaintiff's argument. It is inconceivable that by merely adopting a code of courtesy for the purposes of promoting professionalism, the Eighth Judicial Circuit Bar Association suddenly became an arm of the state on par with the Florida Bar. With no enforcement power whatsoever–besides "expressing concern"–the Eighth Judicial Circuit Bar Association cannot be deemed the functional equivalent of a municipality or local government. Therefore, the Court agrees with the Magistrate that Plaintiff has failed to show any state action in this case, and that jurisdiction does not exist.

Moreover, even if jurisdiction existed under § 1983, Plaintiff in his objections fails to link the actions of individual judges to the Defendant association itself, thereby stating a claim. Contrary to Plaintiff's assumptions, requiring a complaint to state a claim is not a "heightened pleading standard." Rather, where Plaintiff alleges that an association violated his civil rights, he must allege facts that support this cause of action. Merely claiming that judges in state court

entered various court orders adverse to the Plaintiff, and that these judges also happen to be members of the association, fails to state a claim as to the liability of the association.

Based on this, the Court agrees with the Magistrate that the Court lacks jurisdiction to hear Plaintiff's complaint, and that even if jurisdiction existed, the complaint fails to state a claim, and should be dismissed. Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendant Eighth Judicial Circuit Bar Association's Motion to Dismiss, Doc. 34, is GRANTED, and the claims against it raised in Plaintiff's amended complaint, Doc. 25, are DISMISSED for lack of jurisdiction, failure to state a claim, and insufficiency of service of process. This case is remanded to the Magistrate Judge for further proceedings related to the claims asserted against Defendant Eighth Judicial Circuit Court.

**DONE AND ORDERED** this ___14th__ day of March, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge